UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANERIS DE JESUS RODRIGUEZ, as Parent and Natural Guardian of E.R., and JANERIS DE JESUS RODRIGUEZ, Individually, et al.,<br><br>Plaintiffs,<br><br>-against-<br><br>DAVID C. BANKS, in his official capacity as Chancellor of the New York City Department of Education, et al.,<br><br>Defendants | Case No. 23-CV-10356 (KPF) |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

**THE HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel for The City of New York
100 CHURCH STREET
NEW YORK, NEW YORK 10007
Alfred Miller, Jr.
(212) 356-0418

**Attorneys for Defendants**

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT ........................................................................................................................... 2

    1. Plaintiffs Fail to Show a Likelihood of Success on the Merits ................................ 3

    2. Plaintiffs Cannot Show a Likelihood of Irreparable Harm. ...................................... 4

    3. The Public Interest is Not Served by the Issuance of a Preliminary Injunction ....... 7

    4. The Balance of Hardships do not Favor Plaintiffs ................................................... 8

CONCLUSION ........................................................................................................................ 9

# TABLE OF AUTHORITIES

**Cases**                                                                                                                             **Pages**

*C.C. v. N.Y.C. Dep't of Educ.*,
  2021 U.S. Dist. LEXIS 189344 (S.D.N.Y. Sept. 30, 2021)
  *adopted* 2022 U.S. Dist. LEXIS 31063 (S.D.N.Y., Feb 22, 2022),
  *aff'd* by summary order 2023 U.S. App. LEXIS 6361 (2d. Cir. 2023) ................................. 2, 4

*de Paulino v. N.Y.C. Dep't of Educ.*, 2023 U.S. Dist. LEXIS 17179, at *20
  (S.D.N.Y. Feb. 1, 2023) ............................................................................................................ 5

*J.G. v. Mills*,
  2006 U.S. Dist. LEXIS 101621 (E.D.N.Y. July 6, 2006) .......................................................... 5

*Loveridge v. Pendleton Woolen Mills, Inc.*,
  788 F.2d 914 (2d Cir. 1986) ..................................................................................................... 9

*Mendez v. Banks*,
  65 F.4th 56 (2d. Cir. 2023) ............................................................................... 1, 2, 3, 4, 5, 7

*M.W. v. N.Y.C. Dep't of Educ.*, No. 15cv5029, 2015 U.S. Dist. LEXIS 112832, at
  *7 (S.D.N.Y. Aug. 25, 2015) ................................................................................................... 2

*N. Am. Soccer League, LLC v. United States Soccer Fed'n, Inc.*,
  883 F.3d 32 (2d Cir. 2018) ....................................................................................................... 2

*Tucker Anthony Realty Corp. v. Schlesinger*,
  888 F.2d 969 (2d Cir. 1989) ..................................................................................................... 7

*Uppal v. N.Y. State Dep't of Health*,
  756 F. App'x 95 (2d Cir. 2019) ................................................................................................ 6

*Ventura De Paulino v. N.Y.C. Dep't of Educ.*,
  959 F.3d 519 (2d. Cir 2020) ................................................................................................. 6, 8

## **PRELIMINARY STATEMENT**

Defendants Chancellor David C. Banks and the New York City Department of Education ("Defendants") respectfully submit this Memorandum of Law in opposition to Plaintiffs' Motion for a Preliminary Injunction.

In bringing the instant motion, Plaintiffs have burdened this Court with requests for relief in the form of payments for related services and tuition at iBrain, a private school of Plaintiffs' unilateral choosing, purportedly under the Individual with Disabilities Education Act ("IDEA") that are moot or not ripe due to Plaintiffs' own inaction. While Plaintiffs make broad statements such as "DOE has failed and/or refused to fund each Plaintiff's uncontested pendency placement at iBrain for the 2023-2024 SY." Memorandum of Law ECF 8 p. 4), their own chart indicates that payments have been made. The reality is that the DOE has made millions of dollars in payments to iBrain, including hundreds of thousands of dollars in payments for the students at issue in this action. Indeed, there are no outstanding tuition payments due to iBrain for any of the four Plaintiff-students at issue in this matter. *Id*. And the DOE has paid all of the transportation and nursing invoices for which it is required with the exception of those for which Plaintiffs must provide further documentation, pursuant to the underlying administrative order.

Plaintiffs' request fails to meet even the lowest standards set forth for injunctive relief and succeeds only in highlighting the Plaintiffs impermissible goal of frustrating the DOE payment processes in an attempt to prioritize the student-plaintiffs over the "thousands of funding requests under the IDEA" the DOE receives at the start of the school year. See *Mendez v. Banks*, 65 F.4th 56, 63 (2d. Cir. 2023). Plaintiffs' application for a preliminary injunction must therefore be denied.

## ARGUMENT

"To obtain a preliminary injunction, plaintiffs must show (1) a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiffs' favor, (2) that they are likely to suffer irreparable injury in the absence of an injunction, (3) that the balance of hardships tips in their favor, and (4) that the public interest would not be disserved by the issuance of a preliminary injunction." *Id*. at 63–64 (internal quotation marks and alterations omitted). Where plaintiffs seeks a mandatory injunction or substantially all the relief sought in the complaint, such as in the instant case, "the movant must show a 'clear' or 'substantial' likelihood of success on the merits, and make a 'strong showing' of irreparable harm, in addition to showing that the preliminary injunction is in the public interest." M.W. v. N.Y.C. Dep't of Educ., No. 15cv5029, 2015 U.S. Dist. LEXIS 112832, at *7 (S.D.N.Y. Aug. 25, 2015) (quoting Beal v. Stern, 184 F.3d 117, 123 (2d Cir. 1999) and Doe v. N.Y. Univ., 666 F.2d 761, 773 (2d Cir. 1981); *accord C.C. v. N.Y.C. Dep't of Educ.,* 2021 U.S. Dist. LEXIS 189344 (S.D.N.Y. Sept. 30, 2021) *adopted* 2022 U.S. Dist. LEXIS 31063 (S.D.N.Y., Feb 22, 2022) *aff'd* by summary order 2023 U.S. App. LEXIS 6361 (2d. Cir. 2023) ("If the injunction would modify the status quo, then the moving party must 'meet a heightened legal standard by showing 'a clear or substantial likelihood of success on the merits.'" (quoting *N. Am. Soccer League, LLC v. United States Soccer Fed'n, Inc.,* 883 F.3d 32 (2d Cir. 2018)).

In requesting that this Court issue an order to "issue an injunctive order requiring DOE to fund each Student-Plaintiff's tuition and related services, including special transportation and nursing services, where applicable forthwith," Plaintiffs have requested relief that has been provided to them without this Court's intervention or to which they are not yet entitled. Plaintiffs' request must therefore be denied.

2

1. **<u>Plaintiffs Fail to Show a Likelihood of Success on the Merits</u>**

Plaintiffs cannot show a likelihood of success on the merits. Plaintiffs' Complaint (ECF No. 1) is based on the claim that the DOE has failed to implement the various pendency and final orders Plaintiffs received through the administrative process. However, Defendants have complied, and will continue to comply, with the orders Plaintiffs claim to be seeking to enforce. In summary: For E.R., there are no outstanding amounts owed for tuition or transportation – everything has been paid in full. Kapoor Declaration ¶8-9. For M.C., there are no outstanding amounts owed for tuition and Plaintiffs have failed to provide the documentation needed to process payment for transportation. *Id*. at ¶10-11. For S.C., there are no outstanding amounts owed for tuition or nursing, and Plaintiffs have failed to provide the documentation needed to process payment for transportation. *Id*. ¶12-14. Y.N. is allegedly no longer enrolled at iBrain (ECF No. 1, ¶139), and Plaintiffs must provide information about the dates the student was enrolled in order to issue a prorated tuition payment. *Id*. at ¶15. For A.C., there are no outstanding amounts owed for tuition and Plaintiffs have failed to provide the documentation needed to process payment for transportation. *Id*. at ¶ 16-17. E.R., M.C., S.C., and A.C.'s claims for tuition are therefore moot, and further claims are unripe, as are any claims for Y.N.. "Because the DOE has not failed to implement the IHO Order, Plaintiff cannot establish a likelihood of success on the merits, and is not entitled to a preliminary injunction." *C.C.,* 2021 U.S. Dist. LEXIS 189344 at *23.

Insofar as Plaintiffs' request for a preliminary injunction seeks to require Defendants to remit payment without receipt and review of the proper documentation required by the pendency order and Defendants' internal policies, such a request must meet the heightened standard of a mandatory injunction. *See J.G. v. Mills,* 2006 U.S. Dist. LEXIS 101621 (E.D.N.Y. July 6, 2006) ("Because most, if not all, of the relief that plaintiffs seek would, if granted, alter the status quo

3

before a decision on the merits by requiring affirmative actions by the defendants, I conclude that plaintiffs are seeking a mandatory injunction and therefore must meet the heightened standard of demonstrating a "clear" or "substantial" likelihood of success.")

Regardless of what standard is applied, Plaintiffs cannot show a likelihood of success on the merits under any theory because the payments have been made or further documentation is necessary. The DOE has complied with the underlying administrative orders, except where it is impossible to do so based on Plaintiffs refusal to provide necessary documents. Courts have repeatedly found that Plaintiffs seeking payment under IHO orders must provide the necessary documents to allow DOE to comply with those orders. *See Davis v. Banks* 2023 U.S. Dist. 160092 (S.D.N.Y. Sept. 11, 2023) (finding in similar circumstances that "Plaintiffs are entitled to reimbursement only for days that their children actually used transportation services and that the DOE is obligated to pay only if they provide "adequate documentation."); *Araujo v. N.Y.C. Dep't of Educ.,* 2023 U.S. Dist. LEXIS 139223 (S.D.N.Y. Aug. 9, 2023) ( "Because Defendant correctly interprets the FOFD, and because Plaintiffs concede that they have not submitted evidence of the days [plaintiff] actually used transportation services, Defendant does not currently have an outstanding obligation to pay for those services.").

Thus, Plaintiffs cannot show a likelihood of success on the merits, and their request for a preliminary injunction must be denied.

**2.     Plaintiffs Cannot Show a Likelihood of Irreparable Harm.**

Plaintiffs have failed to show an actual and imminent—rather than merely speculative— harm. Plaintiffs have made no showing that any schooling or services are actually at risk during the 2023/2024 school year, which is fatal to their application. *See Uppal v. N.Y. State Dep't of Health*, 756 F. App'x 95, 96 (2d Cir. 2019) ("Irreparable harm is the single most important prerequisite for injunctive relief, and in the absence of a showing of irreparable harm, a motion for

4

a preliminary injunction should be denied.") An irreparable harm must be an injury "neither remote nor speculative, but actual and imminent." *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989). Mere recitals that a provider "may no longer be able to provide" services is the very speculative pecuniary harm which does not give rise to the "strong showing" of irreparable harm. See de Paulino v. N.Y.C. Dep't of Educ., 2023 U.S. Dist. LEXIS 17179, at *20 (S.D.N.Y. Feb. 1, 2023) (noting that "ostensibly tardy reimbursement works irreparable, as opposed to reparable, harm.")

Plaintiffs cannot show a likelihood of irreparable harm because the students' educational program is not actually at risk as a result of the DOE's actions. Tuition for all students (except Y.N., who is no longer enrolled at iBrain and for whom more documentation is required) has been paid pursuant to the relevant pendency or final orders. Nevertheless, Plaintiffs' Complaint (ECF No. 1) alleges that they are entitled to a *fast-track* payment because iBrain may close due to its financial insecurity. However, any alleged financial issues with iBrain—a nonparty to this action—are not are not relevant to irreparable harm to the actual Plaintiffs in this action. Plaintiffs rely upon the affirmation of Mr. Arthur Mielnik, which makes generalized claim for relief for every iBrain student.[1] However, for each of the students at issue in this action—E.R., M.C., S.C., Y.N.[2], and A.C.—all tuition payments due were paid before filing of the instant application.

---

[1] The Mielnik Declaration asserts, and Plaintiffs rely upon iBrain's generalized financial insecurity noting, without further explanation or evidence that they have operating expenses of six million dollars since July 2023. See Plaintiffs' Memorandum of Law at 12. Yet, Mielnik's letter neither asserts anything specific as to the Plaintiffs in this action, nor explains how payment for these specific student-plaintiffs will ameliorate iBrain's financial insecurity as a whole. Moreover, it does not explain or provide any evidence of the impact of DOE's payment of $6,648,338.19 in that same time period. *See* Kapoor Declaration at ¶18.

[2] Y.N. concedes in the Complaint, that the Parent-Plaintiff terminated Y.N.'s enrollment at iBRAIN as of October 1, 2023. Accordingly, DOE has contacted counsel to ascertain this fact and

5

Plaintiffs explicitly disclaim any attempt to show an irreparable harm. Instead, Plaintiffs attempt to avoid the heightened standard, and achieve their goal of prioritizing their payments over all other DOE students' payment, by arguing that the DOE's alleged delay in funding has placed the students placement at iBrain at risk citing the recent decision in *Mendez v. Banks*. Plaintiffs Memorandum of Law (ECF 8) at 14-15. Plaintiffs, seeking tuition reimbursement for iBrain, have submitted a declaration from Mr. Arthur Mielnik, which itself relies on a letter sent to Defendants by Mr. Chris Whalen. The two documents are rife with internal contradictions and mathematical errors and the Mielnik Declaration fails to provide any specific detail for the student-plaintiffs at issue, here. Plaintiffs have failed to provide any further documentation in support of the claims made by Mrs. Mielnik and Whalen.

Relying on form letters attached as exhibits to the Complaint alleging overdue balances for two students, in a conclusory manner, Plaintiffs claim their transportation or nursing services may be terminated without providing any further evidence. Indeed, there is no support in the instant application that tuition, transportation or nursing for any of these specific students is actually at risk particularly whereas here, the payments have been made. *See generally* Kapoor Declaration.. Therefore Plaintiffs do not meet their burden to show that any of the students' programs are at risk. See *Mendez* at 64.

Thus, because payments were already remitted to iBrain and a condition precedent precludes payment for transportation, the Plaintiffs cannot show a irreparable harm or that the placement are risk. Therefore, their request for a preliminary injunction must be denied.

---

corrected invoices for all services, tuition, transportation, and nursing as the contracts were terminated.

Overall, the DOE has paid significant amounts in tuition since July 5, 2023, and continue to review documents provided by iBrain and Plaintiffs and process payments as appropriate. In rushing to Court, Plaintiff's counsel has failed to engage in even a modicum of due diligence to ascertain the balances owed. As previously discussed, there are no outstanding tuition or nursing payments owed; indeed, these payments were made before the filing of the instant application. *See generally* Kapoor Declaration. Additionally, transportation services requires documentation which have been requested by the DOE but not provided. See Kapoor Declaration.

Without a showing "that a delay or failure to pay has jeopardized [a] child's educational placement… the DOE is not obliged to circumvent its ordinary payment procedures." *Mendez,* 65 F.4th at 63. Plaintiffs have failed to show any risk to the students in this matter as a result of the delay or failure to pay as the payments have been made. Thus, Plaintiffs are not entitled to injunctive relief, and their request must be denied.

**3.      The Public Interest is Not Served by the Issuance of a Preliminary Injunction**

Plaintiffs stated goal in the several near identical enforcement actions brought in this District as well as the Eastern District of New York is to receive orders requiring the DOE to fund the Students' pendency placements at iBrain immediately. As the Second Circuit has found, such an order would be inappropriate. *See Mendez,* 65 F4th at 63 ("Our determination that the statute does not require circumvention of ordinary payment procedures here comports with the practical realities of bureaucratic administration... Any agency will need some amount of time to process and pay submitted invoices. If each pendency order entitled parents or guardians to immediate payment, school districts would be unable to implement basic budgetary oversight measures, such as requiring receipts before reimbursement.") See also *Ventura De Paulino v. N.Y.C. Dep't of Educ.,* 959 F.3d 519 (2d. Cir 2020).  ("Nothing in the statutory text or the legislative history of the

7

IDEA . . . implies a legislative intent to permit [parents or guardians] to utilize the stay-put provision's automatic injunctive procedure to frustrate the fiscal policies of participating states.")

The DOE's procedures are designed to ensure that taxpayer funds are properly spent and cared for, and that the students receiving those funds are also receiving adequate services. Plaintiffs' intent is to frustrate those policies in service of immediate payment to iBrain. Such an outcome would be inappropriate even if Plaintiffs' placements were at risk, which they are not. Here, DOE's process has resulted in the processing and approval of tuition, transportation, and nursing payments in its course of business. See Kapoor Declaration. Indeed, consistent with DOE's obligations, since July 1, 2023 and through December 20,2023, DOE has processed $6,648,338.19 to iBrain alone. Id. 18. Simply put, claims for tuition payments are moot and they were moot before the filing of the instant application. Moreover, Plaintiffs make no showing how these payments even if owed, would ameliorate the purported financial insecurity.  Thus, DOE's processes have already proven sufficient to meet the needs of iBrain students without abandoning the public's interest in responsible spending.

**4.       The Balance of Hardships do not Favor Plaintiffs**

As Plaintiffs have failed to show that their educational placements are at risk, the only remaining issue is the timing of the monetary payments to which Plaintiffs are entitled to. As discussed above, DOE has already processed and approved tuition payments through December 31, 2023 and for E.R. through June 2024. As for transportation and nursing services, the outstanding monies require documentation showing the trips taken and services rendered. Even were those payments due now, which they are not, waiting for that process to complete will not create the type of injury cognizable for emergency injunctive relief, as the entitlement Plaintiffs seek to enforce is only for reimbursement. *See Loveridge v. Pendleton Woolen Mills, Inc.*, 788

8

F.2d 914, 918 (2d Cir. 1986) ("[W]here money damages are adequate compensation, a preliminary injunction will not issue since equity should not intervene where there is an adequate remedy at law.")

## CONCLUSION

For the reasons stated herein, Defendants respectfully request that the Court deny Plaintiff's Motion for Preliminary Injunction and grant Defendants such other and further relief as the Court deems just and proper.

Dated: December 22, 2023
      New York, New York,

                                HON. SYLVIA O. HINDS-RADIX
                                *Corporation Counsel of the City of New York*
                                Attorney for Defendants
                                100 Church Street
                                New York, NY 10007
                                t: (212) 356-2392

                    By: _/s/ Alfred Miller, Jr._____
                                Alfred Miller, Jr.
                                *Assistant Corporation Counsel*